Filed 7/15/22 P. v. Needham CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| THE PEOPLE, | C094084 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 16NCR11306, 17CF00217) |
| v. | |
| EUGENE LEROY NEEDHAM, | |
| Defendant and Appellant. | |

In two separate cases, defendant Eugene Leroy Needham was convicted of drug possession, identity theft, and reckless driving with intent to evade a peace officer and was sentenced to an aggregate term of 10 years four months in prison, including two sentence enhancements imposed pursuant to former Health and Safety Code section 11370.2.  He appealed that judgment, and this court remanded for the trial court to recalculate defendant's credit for time served.  While defendant's appeal from the trial court's recalculated judgment was pending, the Legislature passed Senate Bill No. 483 (2021-2022 Reg. Sess.), which added section 1171 to the Penal Code,[1] declaring all but one kind of sentence enhancement in former Health and Safety Code section 11370.2 "legally invalid."  Defendant argues that the two enhancements imposed as part of his

---

[1]    Undesignated section references are to the Penal Code.

1

sentence have thus been invalidated and should be stricken. The People agree. Accordingly, we will strike the invalid enhancements from defendant's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2017, defendant pled no contest to drug possession and identity theft in Butte County and admitted two prior narcotics-related convictions for violating Health and Safety Code sections 11378 and 11383.5. The Butte County Superior Court sentenced defendant to a stipulated county prison term of nine years eight months, including the upper term of three years for the drug possession offense, plus two consecutive three-year enhancements for the prior narcotics-related convictions, plus a consecutive eight-month term (one-third of the middle term) for the identity theft offense.

The following year, in March 2018, defendant pled guilty to reckless driving with the intent to evade a peace officer in Glenn County. In April 2018, the Glenn County Superior Court resentenced defendant in both cases under section 1170.1, imposing a consecutive sentence of eight months (one-third of the middle term) for the new offense, resulting in a new aggregate sentence of 10 years four months.

Defendant timely appealed from the resentencing, and this court reversed and remanded for the trial court to recalculate defendant's credit for time served. In February 2021, the trial court filed an amended abstract of judgment with recalculated custody credits. Defendant timely appealed from that judgment.

DISCUSSION

The parties agree that section 1171 invalidates both of defendant's three-year enhancements imposed pursuant to former Health and Safety Code section 11370.2. We agree with the parties and will strike these invalid enhancements.

Specifically, section 1171, subdivision (a), provides: "[a]ny sentence enhancement that was imposed prior to January 1, 2018, pursuant to Section 11370.2 of the Health and Safety Code, except for any enhancement imposed for a prior conviction

2

of violating or conspiring to violate Section 11380 of the Health and Safety Code is legally invalid." Defendant's sentence enhancements meet both these requirements and were not imposed for violating or conspiring to violate Health and Safety Code section 11380. Thus, defendant's enhancements are legally invalid.

Section 1171 also creates a process for recalling sentences that include such invalid enhancements and then resentencing the defendants. (§ 1171, subds. (b)-(e); see also Stats. 2021, ch. 728, § 1 ["It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement"].) This recall and resentencing process assumes the defendant's judgment is final, but we see no reasonable argument the section's resentencing provisions do not also apply to defendants whose judgments are not yet final. The record does not reflect any steps taken by the trial court thus far to recall defendant's sentence, so we will strike the two invalid enhancements and remand for the trial court to resentence defendant pursuant to section 1171.

## DISPOSITION

Defendant's sentence is modified to strike the two Health and Safety Code section 11370.2 enhancements. The case is remanded with instructions to resentence defendant pursuant to section 1171, prepare an amended abstract of judgment, and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Krause, J.

3